## THE PEOPLE OF THE STATE OF ILLINOIS
### *v.*
### JAMES N. McCALL *et al.*

NATIONAL BANKS — *shares of stock in, exempt from taxation.* The action of a board of supervisors, in abating taxes levied under the laws of this State, upon shares of stock in national banks, will be affirmed by this court, in accordance with the decision of the Supreme Court of the United States in the case of *Bradley* v. *The People of the State of Illinois,* 4 Wallace, 457.*

---

* NOTE BY THE REPORTER. After this decision was rendered, the legislature was called together by the governor, for the purpose, among others, of enact-

This cause was brought into this court by the auditor of State. It appears from the record, that the assessor of the town of Canton, Fulton county, assessed for taxation, at half their nominal value, for the year 1865, the shares of stock of the First National bank of Canton, located in that town and county ; that, upon the application of the shareholders to the board of supervisors of Fulton county, in September, 1865, the board abated the assessment. The auditor had no notice of the action of the board, and the shares of the stock of the bank were wholly omitted from the assessment list for that year, and thus escaped taxation. The county clerk of Fulton county, in 1866, in accordance with the law respecting property not assessed, entered the shares of stock on the assessment list at their full value, and charged against them State, county and other taxes, for the year 1865. The town assessor listed the shares for 1866 at one-half their nominal value, but the county clerk, with the consent of the assessor, raised the assessment to the full value of the shares.

The shareholders of the bank again appealed to the board of supervisors for an abatement of the assessment for 1865, and for so much of the assessment of 1866, as exceeded the amount fixed by the assessor, which was granted.

Mr. C. M. MORRISON, State's attorney, for the people.

Mr. G. BARRERE, for the defendants.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an appeal by the auditor of public accounts from an order made by the board of supervisors of Fulton county, releasing from an assessment for taxation for the years 1865 and 1866, of shares in the capital stock of the first national bank of Canton. It is a case, the same in principle with the case of *The People* v. *Bradley et al.*, 39 Ill. 130, in which this court held, that the shares of stock held by Bradley in the capital

ing a law, under which capital invested in national banks might be taxed. See Gross' Stat. 576, 612. Act June 13, 1867, Sess. Acts of Special Sessions, p. 6.

stock of a national bank, constituted his interest in the bank, and was liable to assessment and taxation under the law of this State. That the shares made up the capital stock, and the result was the same, whichever was taxed.

In the opinion pronounced in that case, it was endeavored to be shown, and, on reflection, we think successfully, that it was matter of contract and agreement between the banks and the people, that the shares should be deemed personal property, and be liable to taxation by the State, and such contract was not affected by the forty-first section of the national banking law of June, 1864.

This case was taken by writ of error to the Supreme Court of the United States, and on the authority of the case of *Van Allen* v. *The Assessors*, 3 Wallace, 584, it was held, that admitting a tax on the capital was equivalent to a tax on the shares as respected the shareholders, yet as the capital of the banks may consist of the bonds of the United States, which are exempt from taxation, it was not easy to see, that the tax on the capital was an equivalent to a tax on the shares. *Bradley* v. *The People*, 4 id. 459. The judgment of this court was reversed, and the decision of the board of supervisors affirmed.

In accordance with that decision, the order of the board of supervisors of Fulton county, releasing the shareholders of the first national bank of Canton from the taxes assessed upon their shares, must be affirmed.

*Judgment affirmed.*